FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 12, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 2:22-PO-0055-JAG-1 |
| Plaintiff, | |
| vs. | ORDER DENYING DEFENDANT'S MOTION TO DISMISS CASE |
| RONALD C. LINDSEY, | |
| Defendant. | **ECF No. 18** |

On September 8, 2022, the Court held a motion hearing to address the Defendant's Motion to Dismiss Case. ECF No. 18.  Defendant was represented by Federal Defender Intern Hanna Swenson, supervised by Assistant Federal Defender Kathryn Lucido. United States Attorney Intern Echo Fatsis represented the United States, supervised by Assistant United States Attorney Michael Ellis,

The Court heard argument on Defendant's Motion to Dismiss Case, ECF No. 18, and addressed the necessity for testimony raised in Defendant's Supplement re: Motion to Dismiss Case, ECF No. 27. The Court and parties agreed that the Motion to Dismiss should be based solely on the probable cause statement related to the citation at issue, obviating the need for any testimony. A trial is the proper forum to address contested facts.

In Defendant's Motion to Dismiss for Lack of Probable Cause, ECF No. 18, Defendant seeks to dismiss one of Mr. Lindsey's three violations, FAIT0J4, which alleges a violation of 36 C.F.R. § 261.3(a). The regulation prohibits:

ORDER DENYING DEFENDANT'S MOTION TO DISMISS CASE - 1

> Threatening, resisting, intimidating, or interfering with any forest officer engaged in or on account of the performance of his official duties in the protection, improvement, or administration of the National Forest System.

36 C.F.R § 261.3(a). Defendant argues that no facts alleged support the "interfering" element of the charge.

At oral argument, Defendant distinguished between affirmative action to interfere verses inaction to prevent interference, arguing that the Government must allege affirmative choices by the Defendant to establish probable cause. The Government argues that Defendant's failure to act, *i.e.*, sufficiently control his dog Zeus, interfered with Officer Thompson's ability to perform his official duties. The Government correctly notes that courts have generally treated violations of regulations under 36 C.F.R. § 261 as strict liability offenses, so the Government need only prove Defendant's acts *or omissions* interfered with Officer Thompson's duties. *United States v. Murphy-Ellis*, 47 Fed.Appx. 488, 490 – 91 (9th Cir. 2002).

In *Willfong,* the Ninth Circuit defined "interfering" in the context of 36 C.F.R. § 261.3(a):

> Without prior interpretation, this court should apply the common meaning of a word. To "interfere" is to "oppose, intervene, hinder, or prevent." WEBSTER'S NEW WORLD DICTIONARY 704 (3d College ed.1998). Interfere has such a clear, specific and well-known meaning as not to require more than" the use of the word itself in a criminal statute.

*United States v. Willfong*, 274 F.3d 1297, 1301 (9th Cir. 2001).

Upon review of the probable cause statement, the Court finds that the allegations that Zeus' aggressive behavior altered how Officer Thompson conducted his investigation is legally sufficient to support an allegation of "interfering" with a forest officer. Impediment by inaction is legally sufficient to support probable cause. Defendant's alleged failure to prevent his dog from charging Officer Thompson on multiple occasions, and allegedly biting Officer

ORDER DENYING DEFENDANT'S MOTION TO DISMISS CASE - 2

Thompson on one occasion, constitutes an omission sufficient to satisfy probable cause for the interfering element of the charge.

Having reviewed the briefing and after hearing oral arguments of the parties, **IT IS ORDERED:**

1.    Defendant's Motion to Dismiss Case, **ECF No. 14**, is **DENIED**.

2.    The trial set on **October 20, 2022,** is **CONFIRMED**, and subject to the following briefing schedule:

   a.  Motions in Limine shall be filed and served no later than **September 29, 2022**;

   b.  Responses to Motions in Limine shall be filed and served no later than **October 6, 2022**; and

   c.  Trial briefs shall be filed and served no later than **October 13, 2022**.

The District Court executive is directed to file this order and provide copies to counsel.

DATED September 12, 2022.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER DENYING DEFENDANT'S MOTION TO DISMISS CASE - 3